IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | 19-cv-6712 |
| vs. | ) ) | |
| AMERICAN POWER AND GAS OF IL, LLC, CONSUMER SALES SOLUTIONS, LLC, and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1. Plaintiff Scott Dolemba brings this action against defendants American Power and Gas of IL, LLC and Consumer Sales Solutions, LLC to secure redress for the placement of robocalls to his cell phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

1

  b. Have transacted or done business in Illinois.

4. Venue in this District is proper for the same reason.

## PARTIES

5. Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

6. Defendant American Power & Gas of IL, LLC is a Florida limited liability company. Its principal place of business is located at 10601 Belcher Rd. S, Seminole, Florida 33777.

7. Defendant Consumer Sales Solutions, LLC is a Florida limited liability company that also has its principal place of business at 10601 Belcher Rd. S, Seminole, Florida 33777.

8. Defendant American Power & Gas of IL, LLC and defendant Consumer Sales Solutions, LLC operate out of the same office and share the same management personnel.

9. Defendants Does 1-10 are other persons responsible for the calls complained of.

## FACTS

10. Plaintiff is a non-subscriber customary user of a cellular telephone number XXX-XXX-6518, included on his wife's account. Plaintiff pays the cell phone bills for his and his wife's cell phone usage.

9. On February 13 , 2019, plaintiff Scott Dolemba received two telephone calls on his cell phone from 630-556-7123. (Exhibit A)

10. Plaintiff Scott Dolemba was unable to answer the calls but the caller left the following voicemail message for one of the calls:

> Good Afternoon, this is Raphael calling from American Power & Gas.
> Please return my call at 1-800-210-9011 extension 8481. Thank you.

11. The calls to plaintiff were placed at the exact same time on the same day though only one call resulted in a voicemail message. Calls placed in this manner are indicative of the use of an automatic telephone dialing system.

12. Discovery may reveal additional unsolicited, automated telemarketing calls as well.

13. Defendant American Power & Gas of IL, LLC is a provider of energy services.

14. Defendant American Power & Gas of IL, LLC relies on telemarketing to generate new business.

15. Defendant American Power & Gas of IL, LLC engaged its affiliate defendant Consumer Sales Solutions, LLC to conduct telemarketing on its behalf.

16. Defendant Consumer Sales Solutions, LLC uses automated telephone dialing equipment to make telemarketing calls on behalf of defendant American Power & Gas of IL, LLC for the purpose of generating new business for it.

17. Defendants were recently sued for engaging in similar unlawful telemarketing activity using an autodialer in *Evans v. American Power & Gas, LLC, et al.*, 17-cv-515 (S.D. Ohio).

18. Defendant Consumer Sales Solutions, LLC's website, www.consumersalessolutionsusa.com, posts a video highlighting the top sales representative for American Power & Gas. The website also contains postings for a career in telesales for American Power & Gas. (Website last visited on October 4, 2019)

19. Plaintiff has no prior relationship with defendants and had not authorized the automated, telemarketing phone calls to his cell phone. Plaintiff did not furnish his cell phone

number to defendants.

20. On information and belief, the calls were placed using an automated telephone dialing system which had the capacity to produce or store and dial randomly or sequentially, and/or used an artificial or pre-recorded voice message system.

21. The calls plaintiff received from defendants used a "spoofed" number which was intentionally used to deceive plaintiff that the incoming calls were placed locally and from a local person or entity to increase the likelihood that the recipient would pick up the incoming call and thereby create an opportunity for defendants to communicate their telemarketing message and convert the cold call into a sale.

22. Defendants are responsible for making or causing the making of the unsolicited and automated, prerecorded or artificial voice telemarketing calls.

23. Defendant American Power & Gas of IL, LLC as the entity whose products or services were advertised, derived economic benefit from the phone calls. Defendant Consumer Sales Solutions, LLC derived economic benefit from the sales it generated on behalf of American Power & Gas IL, LLC.

24. On information and belief, the automated, prerecorded or artificial voice telemarketing calls were made as part of a mass broadcasting of unsolicited calls.

25. On information and belief, defendants made unsolicited, automated, prerecorded or artificial voice telemarketing calls to cellular phones of at least 40 other persons in Illinois.

26. Defendants either negligently or wilfully violated the rights of plaintiff and other recipients in placing the calls.

27. Plaintiff and each class member suffered damages as a result of receipt of the calls. The calls cost money to receive, took time to receive or retrieve messages, reduced battery life and cost per-kilowatt electricity costs required to recharge the cell phones, and are annoying. Plaintiff's phone was also unusable for the duration of the robocalls. Furthermore, plaintiff's statutory right of privacy was invaded.

28. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶165) (2003).

29. Plaintiff is entitled to statutory damages.

30. Defendants violated the TCPA even if their actions were only negligent.

31. Defendants should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

32. Plaintiff incorporates paragraphs 1-31.

33. The TCPA provides, at 47 U.S.C. §227(b):

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—**

> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—**
>
>> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is**

5

> charged for the call; . .

34. The TCPA provides, 47 U.S.C. §227(b)(3) provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

35. Defendants violated the TCPA by using equipment that placed automated calls to plaintiff and other members of the putative class' cell phones.

36. Plaintiff and each class member is entitled to statutory damages.

37. Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated prerecorded or artificial voice robocalls and their statutory right of privacy was invaded. The calls cost money to receive, took time to receive or retrieve messages, reduced battery life and cost per-kilowatt electricity costs required to charge the cell phone, and are annoying.

38. Defendants violated the TCPA even if their actions were only negligent.

## CLASS ALLEGATIONS

39. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after September 1, 2018, (c) received calls on a cellular telephone from Defendant Consumer Sales Solutions, LLC or on behalf of Defendant American Power & Gas of IL, LLC (d) placed using an automated dialer or artificial or prerecorded voice.

40. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

41. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls to cell phones using automated equipment, a prerecorded or artificial voice;

    b. The manner in which defendants compiled or obtained their list of telephone numbers;

    c. Whether defendants obtained the consent of the called parties;

    d. Whether defendants thereby violated the TCPA.

42. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

43. Plaintiff's claims are typical of the claims of the class members. All are based on

the same factual and legal theories.

44. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

45. Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express*

*Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

46. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a. Statutory damages;

      b. An injunction against further violations;

      c. Costs of suit;

      d. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

47. Plaintiff incorporates paragraphs 1-31.

48. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by phoning multiple automated, prerecorded or artificial voice robocalls to plaintiff Scott Dolemba's cell phone.

49. Defendants' conduct is contrary to public policy, as set forth in the TCPA.

50. Plaintiff suffered damages as a result of receipt of the calls. The calls cost money to receive, took time to receive or retrieve messages, reduced battery life and cost per-kilowatt electricity costs required to recharge the cell phones, and are annoying. Plaintiff's phone was also unusable for the duration of the alleged robocalls. Plaintiff's statutory right of privacy was invaded.

51. Defendants engaged in such conduct in the course of trade and commerce.

52. Plaintiff and each class member is entitled to statutory damages.

## CLASS ALLEGATIONS

53. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with phone numbers in Illinois area codes (b) who, on or after September 1, 2018, (c) received calls on a cellular telephone from Defendant Consumer Sales Solutions, LLC or on behalf of Defendant American Power & Gas of IL, LLC (d) using an automated dialer or artificial or prerecorded voice.

54. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class

55. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls to cell phones using automated equipment, a prerecorded or artificial voice;

    b. The manner in which defendants compiled or obtained their list of telephone numbers;

    c. Whether defendants obtained the consent of the called parties;

        d.       Whether defendants thereby violated the ICFA.

    56.      Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

    57.      Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

    58.      A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants are small because it is not economically feasible to bring individual actions.

    59.      Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

    WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.       Actual damages;
        b.       An injunction against further violations;
        c.       Attorney's fees, litigation expenses and costs of suit;
        d.       Such other or further relief as the Court deems just and proper.

                                  s/ Daniel A. Edelman
                                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs

Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                  s/ Daniel A. Edelman
                                                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)